UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION FRASIER,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>R.J. HERNANDEZ, Warden<br><br>　　　　　　　　　　Respondent. | Civil No.   07cv0638 LAB (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO MEET FILING FEE REQUIREMENT

　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

　　　Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims: he had a tooth pulled but no partial was made to replace the tooth as requested, and that prison officials ripped up outgoing mail from Petitioner on March 26, 2007. (Petition at 3-4.)

Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

1 | U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court
2 | remedies a petitioner must allege, in state court, how one or more of his or her federal rights
3 | have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:
4 | "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
5 | rights, they must surely be alerted to the fact that the prisoners are asserting claims under the
6 | United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas
7 | petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
8 | due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only
9 | in federal court, but in state court."  Id. at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so specify.  "The burden of proving that a claim has been exhausted lies with the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** Petitioner's petition for (1) failure to either pay the $5.00 filing fee or move to proceed in forma pauperis; (2) failure to state a cognizable claim under 28 U.S.C. § 2254, and (3) failure to allege exhaustion of state judicial remedies.

**IT IS SO ORDERED.**

DATED: April 26, 2007

*[signature: Larry A. Burns]*

HONORABLE LARRY ALAN BURNS
United States District Judge